IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **RODGER LANIER,** Individually and on behalf of all others similarly situated, *Plaintiff,* v. **CONOCOPHILLIPS COMPANY** *Defendant.* | Civil Action No. _____ JURY TRIAL DEMANDED COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) CLASS ACTION PURSUANT TO FED. R. CIV. P. 23 |

## ORIGINAL COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Rodger Lanier, individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members"), brings suit against ConocoPhillips Company ("ConocoPhillips") to recover compensation, liquidated damages, attorneys' fees and costs under Section 207 and 216(b) of the Fair Labor Standards Act (hereinafter "FLSA") and pursuant to the New Mexico Minimum Wage Act (hereinafter "NMMWA"), §§ 50-4-19 *et seq.*

### I.
### OVERVIEW

1.1  This lawsuit to recover wages includes a collective action brought pursuant to the FLSA, 29 U.S.C. §§ 201–19, and a class action brought pursuant to the NMMWA and Federal Rule of Civil Procedure 23.

1.2  Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees who worked for ConocoPhillips and were not compensated for all hours worked each workweek.

1.3     The FLSA and NMMWA require that all non-exempt employees receive compensation for all time spent working on their employer's behalf.

1.4     ConocoPhillips violated (and continues to violate) the FLSA by automatically deducting 30-minute meal periods from Plaintiff and the Putative Class Members' daily hours worked, despite knowing that Plaintiff and the Putative Class Members routinely worked (and continue to work) throughout their designated 30-minute meal periods each day.

1.5     ConocoPhillips knowingly and deliberately failed to fully compensate Plaintiff and the Putative Class Members for all hours worked.

1.6     Plaintiff and the Putative Class Members seek to recover all unpaid wages, liquidated damages, and other damages owed under the FLSA and NMMWA as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3).

1.7     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit and that a class action be certified protecting the rights of those employees under the NMMWA.

## II.
## JURISDICTION & VENUE

2.1     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It has supplemental jurisdiction over the additional NMMWA claims under 29 U.S.C. § 1367.

2.2     This Court has personal jurisdiction over ConocoPhillips because the causes of action arose within this district as a result of ConocoPhillips' conduct within this District.

2.3     Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

2.4     Specifically, ConocoPhillips is headquartered in Houston, Harris County, Texas, which is located in this District and Division.

2.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## III.
## PARTIES

3.1     Plaintiff Rodger Lanier worked for ConocoPhillips within the meaning of the FLSA and the NMMWA during the relevant three-year period. Plaintiff Lanier did not receive overtime compensation for all hour worked in excess of forty (40) hours per workweek.[1]

3.2     The Putative Class Members are those current and former employees who worked for ConocoPhillips at any time since November 14, 2014, and have been subjected to the same illegal pay system under which Plaintiff Lanier worked and was paid.

3.3     ConocoPhillips Company is a foreign for-profit corporation and may be served through its registered agent for services of process: **United States Corporation Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.**

## IV.
## FLSA COVERAGE

4.1     At all times hereinafter mentioned, ConocoPhillips has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(r).

4.2     At all times hereinafter mentioned, ConocoPhillips has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3     At all times hereinafter mentioned, ConocoPhillips has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that

---

[1] The written consent of Rodger Lanier is attached hereto as Exhibit "A."

those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiff and the Putative Class Members' employment by ConocoPhillips, these individuals provided services for ConocoPhillips that involved interstate commerce for purposes of the FLSA.

4.5 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Putative Class Members are (or were) **<u>non-exempt</u>** employees who worked for ConocoPhillips and were engaged in inspection services, wherein they were required to observe, operate, and inspect the machinery on Defendant's oil and gas sites. 29 U.S.C. § 203(j).

4.7 At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8 The proposed collective of similarly situated employees, i.e. potential collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all oilfield workers who worked for ConocoPhillips Company, at any time from November 14, 2014 through the final disposition of this matter, and had a thirty-minute meal period break automatically deducted from their daily hours worked" (the "FLSA Collective" or "FLSA Collective Members").

4.9 The precise size and identity of the proposed FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of ConocoPhillips.

# V.
# FACTS

5.1     ConocoPhillips Company claims it is, "the World's largest independent exploration and production company based on proved reserves and production of liquids and natural gas."[2] Specifically, ConocoPhillips produces and sells oil and natural gas.[3]

5.2     In conjunction with the above services, ConocoPhillips employed non-exempt oilfield workers—Plaintiff and the Putative Class Members—who were tasked with inspecting drill sites throughout the United States.

5.3     Plaintiff Lanier worked for ConocoPhillips from approximately 2008 until August 2017.

5.4     ConocoPhillips has a policy that its oilfield workers such as Plaintiff and Putative Class Members automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked.

5.5     ConocoPhillips was (and continues to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute meal periods without pay in violation of the FLSA and the NMMWA.

5.6     When calculating Plaintiff and the Putative Class Members' hours each pay period, ConocoPhillips deducted (and continues to deduct) 30 minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA and the NMMWA.

5.7     In other words, for each 5-day workweek, ConocoPhillips deducted (and continues to deduct) a minimum of 2.5 hours from Plaintiff and Putative Class Members' total hours worked week.

---

[2] http://www.conocophillips.com/who-we-are/our-company/Pages/default.aspx

[3] *Id.*

5.8     ConocoPhillips's systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' time worked resulted (and continues to result) in Plaintiff and the Putative Class Members' working hours for which they were (and are) not compensated in violation of the FLSA and the NMMWA.

5.9     The FLSA and the NMMWA mandate that employees be paid for all hours worked.

5.10    ConocoPhillips denied Plaintiff and the Putative Class Members the proper amount of pay as a result of a widely applicable, illegal pay practice.

5.11    Accordingly, ConocoPhillips pay policies and practices blatantly violated the FLSA and the NMMWA.

## VI.
## COLLECTIVE/CLASS ALLEGATIONS

6.1     In addition to Plaintiff Lanier, ConocoPhillips employed (and continues to employ) other non-exempt oilfield workers in the United States within the past three years.

6.2     ConocoPhillips paid Plaintiff and the Putative Class Members by the hour but did not compensate them for all hours worked each week.

6.3     The FLSA Class Members performed the job duties typical of Plaintiff and the Putative Class Members—specifically, inspecting ConocoPhillips' well sites throughout the United States.

6.4     The FLSA Class is similarly situated to Plaintiff Lanier—that is, the oilfield workers all performed the same job duties and were paid the same way.

6.5     The FLSA Class should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

6.6     Plaintiff Lanier brings his state law claims on behalf of all oilfield workers in New Mexico pursuant to Federal Rule of Civil Procedure 23 (the "New Mexico Class").

6.7     On information and belief, ConocoPhillips employed dozens of oilfield workers during the past three years.

6.8     These workers are geographically dispersed, residing and working in New Mexico and throughout the United States.

6.9     Plaintiff Lanier will fairly and adequately protect the interests of the FLSA Class and New Mexico Class.

6.10    Plaintiff Lanier retained counsel who is experienced and competent in class action and employment litigation.

6.11    Plaintiff Lanier has no relevant interest contrary to, or in conflict with, the members of the classes.

6.12    Just like each member of the proposed classes, Plaintiff Lanier has an interest in obtaining the unpaid wages owed under state and/or federal law.

6.13    A collective/class action suit, such as this one, is superior to other available means for fair and efficient adjudication of the lawsuit.

6.14    Absent these actions, many members of the classes likely will not obtain redress of their injuries and ConocoPhillips will retain the proceeds of their violations of the FLSA and the NMMWA.

6.15    Furthermore, even if particular members of the classes could afford individual litigation against ConocoPhillips, it would be unduly burdensome to the judicial system.

6.16    Consolidating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

6.17    There is a well-defined community of interest in the questions of law and fact affecting the New Mexico Class as a whole.

6.18 The questions of law and fact common to the New Mexico Class predominate over any questions affecting solely the individual members.

6.19 Among the common questions of law and fact are:

a. Whether ConocoPhillips employed members of the New Mexico class within the meaning of the applicable statutes, including the FLSA;

b. Whether oilfield workers were denied wages by ConocoPhillips for hours worked.

c. Whether ConocoPhillips' violation of the FLSA and/or the NMMWA was willful;

d. Whether ConocoPhillips kept adequate records of the hours worked by its oilfield workers.

6.20 Plaintiff Lanier' claims are typical of the claims of members of the classes.

6.21 Plaintiff Lanier, the FLSA Class, and the New Mexico Class, have all sustained damages arising out of ConocoPhillips' wrongful and uniform employment policy.

6.22 Plaintiff Lanier knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective or class action.

### FIRST CAUSE OF ACTION – FLSA UNPAID WAGES

6.23 By failing to pay Plaintiff Lanier and the Putative Class Members wages for hours worked, ConocoPhillips violated the FLSA.

6.24 ConocoPhillips owes Plaintiff Lanier and the Putative Class Members wages for each day where wages were denied for hours worked during the last 3 years.

6.25 ConocoPhillips knew, or at a minimum, showed reckless disregard for whether its failure to pay wages for hours worked violated the FLSA.

6.26 ConocoPhillips' failure to pay wages for hours worked to Plaintiff Lanier and the Putative Class Members was willful.

6.27     ConocoPhillips owes Plaintiff Lanier and the FLSA Class an amount equal to all unpaid wages as well as liquidated damages.

6.28     Moreover, Plaintiff Lanier and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### SECOND CAUSE OF ACTION: VIOLATION OF THE NMMWA
### (NEW MEXICO CLASS)

6.29     The conduct alleged in this Complaint violates the New Mexico Minimum Wage Act ("NMMWA"), NMSA 1978 § 50-4-19 *et seq*.

6.30     ConocoPhillips was and is an "employer" within the meaning of the NMMWA.

6.31     At all relevant times, ConocoPhillips employed Plaintiff Lanier and each of the New Mexico Class Members, as "employees" within the meaning of the NMMWA.

6.32     The NMMWA requires employers like ConocoPhillips to pay wages for all hours worked.

6.33     Plaintiff Lanier and the other New Mexico Class Members are **_non-exempt_** employees who are entitled to be paid wages for all hours worked.

6.34     ConocoPhillips had a continuing policy and practice of failing to pay wages for all hours worked to the New Mexico Class Members.

6.35     ConocoPhillips maintained a continuing pay practice of automatically deducting thirty (30) minutes a day for lunch whether lunch was taken or not.

6.36     As a result of ConocoPhillips' failure to pay wages to Plaintiff Lanier and the New Mexico Class Members for all hours worked, ConocoPhillips violated the NMMWA.

6.37     ConocoPhillips' denial of wages for all hours worked to Plaintiff Lanier and other oilfield workers who performed work on behalf of ConocoPhillips in New Mexico is part of a continuing course of conduct.

6.38     Plaintiff Lanier and the other oilfield workers who performed work on behalf of ConocoPhillips in New Mexico are entitled to invoke the benefits of N.M.S.A. 1978, § 50-4-32 (1978).

6.39     As a result, this action, "may encompass all violations that occurred as part of [ConocoPhillips'] continuing course of conduct regardless of the date on which they occurred."

6.40     Plaintiff Lanier and the New Mexico Class Members seek the amount of their underpayments based on ConocoPhillips' failure to pay wages for all hours worked, an equal amount as liquidated damages, and such other legal and equitable relief from ConocoPhillips' willful conduct as the Court deems just and proper.

6.41     Plaintiff Lanier and the New Mexico Class Members seek recovery of attorneys' fees and costs of this action to be paid by ConocoPhillips, as provided by the NMMWA.

## VII.
## RELIEF SOUGHT

Plaintiff Lanier respectfully prays for judgment and relief against ConocoPhillips as follows:

7.1     For an Order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class;

7.2     For an Order certifying the New Mexico Class as a class action pursuant to Federal Rule of Civil Procedure 23.

7.3     Judgment awarding Plaintiff Lanier and the FLSA Class all unpaid compensation, liquidated damages, attorneys' fees and costs under the FLSA;

7.4     Judgment awarding Plaintiff Lanier and the New Mexico Class who performed work on behalf of ConocoPhillips in the State of New Mexico all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the NMMWA;

7.5     An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

7.6 All such other and further relief that Plaintiff Lanier, the FLSA Class, and/or the New Mexico Class are justly entitled.

Date: November 14, 2017

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and Putative Class Members***